**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**GULF STATES REGIONAL**                          **CIVIL ACTION NO: 23-CV-1354**
**CENTER, LLC**

**VERSUS**                                        **JUDGE DARREL JAMES PAPILLION**

**UR JADDOU, DIRECTOR OF**                        **MAGISTRATE JUDGE MICHAEL**
**UNITED STATES CITIZENSHIP**                     **NORTH**
**AND IMMIGRATION SERVICES**

## ORDER AND REASONS

Before the Court is a Motion to Dismiss filed by Defendant United States Citizenship and

Immigration Services ("USCIS") and Cross Motions for Summary Judgment filed by USCIS and

Plaintiff Gulf States Regional Center, LLC ("Gulf States"). R. Docs. 34, 43, and 49. For the

reasons assigned below, USCIS's Motion to Dismiss is **DENIED IN PART** and **DENIED IN**

**PART WITHOUT PREJUDICE** and the parties' Cross Motions for Summary Judgment are

**DENIED WITHOUT PREJUDICE**.

## FACTUAL BACKGROUND

As part of the Immigration Act of 1990, Congress established the employment based, fifth

preference investor visa program ("EB-5"), giving foreign nationals the opportunity to become

lawful permanent residents if they invest in commercial enterprises that create at least ten full-time

jobs in the United States. Public Law No. 101-649 § 121(a) (Nov. 29, 1990). In 1992, Congress

expanded the EB-5 program with the "Regional Center Program," allowing foreign national

investors to "satisfy the EB-5 employment-creation requirement by creating jobs directly through

a minimum investment into a designated regional center." *Da Costa v. Immigr. Inv. Program Off.*,

643 F.Supp.3d 1, 5 (D. D.C. 2022) (internal citations omitted).

In March 2022, Congress overhauled the EB-5 program by passing the EB-5 Reform and Integrity Act of 2022 (the "RIA").  *Id.*; *see also* H.R. 2901, 117th Congress (2021-2022). Following the enactment of the RIA, USCIS announced that entities approved as regional centers under previous EB-5 legislation remained designated as regional centers *for existing projects and investors* and could immediately participate in the reformed EB-5 program, but were required to file an application for regional center designation to maintain their status as regional centers for purposes of sponsoring *new projects and new investors under the RIA* (the "Redesignation Rule").[1] R. Doc. 11 at 13.

Gulf States is a regional center approved under previous EB-5 legislation and, prior to the RIA, agreed to provide capital from EB-5 investors to complete the renovation of the Four Seasons Hotel in New Orleans.  R. Doc. 7-1 at 7.  Following the announcement of the Redesignation Rule, Gulf States filed suit in this Court, arguing the Redesignation Rule violates the Administrative Procedure Act (the "APA").[2]  R. Docs. 1 and 6.  On May 10, 2023, Gulf States filed a motion for preliminary injunction, asking the Court to enjoin the Redesignation Rule, and the Court ultimately denied Gulf States's motion.  R. Docs. 7 and 38.  On July 19, 2023, USCIS filed the instant motion to dismiss for lack of subject matter jurisdiction, improper venue, and failure to state a claim.  R. Doc. 34.  Thereafter, the parties filed cross motions for summary judgment.  R. Docs. 43 and 49.

## LEGAL STANDARDS

"Federal courts are courts of limited jurisdiction" and "may not exercise jurisdiction absent a statutory basis."  *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001); *Exxon Mobil*

---

[1] The Court uses the term "redesignation" for ease and brevity, understanding that USCIS does not consider the RIA to require previously approved regional centers to become redesignated as regional centers.

[2] Gulf States also brought an undue delay claim in its Original and Amended Complaints, but the parties have since filed a Stipulation of Dismissal as to that claim.  R. Doc. 30.

*Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552, 125 S.Ct. 2611 (2005).  For this reason, a court must ensure it has subject matter jurisdiction over a matter before proceeding to the merits. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).  In considering a motion to dismiss for lack of subject matter jurisdiction, a court is not limited to the complaint.  Lack of subject matter jurisdiction may be determined from (1) the complaint; (2) the complaint and undisputed facts found in the record; or (3) the complaint, undisputed facts, and the court's resolution of disputed facts.  *Id.* (citing *Barrera-Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996)). The law "presumes that a cause lies outside [the court's] limited jurisdiction" until the party asserting federal jurisdiction establishes otherwise.  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S.Ct. 1673 (1994).

A case is also subject to dismissal if it is filed in an improper venue.  FED. R. CIV. P. 12(b)(3).  In considering a motion to dismiss for improper venue, the court may consider (1) the complaint; (2) the complaint and undisputed facts evidenced in the record; or (3) the complaint, undisputed facts, and the court's resolution of disputed facts.  *Ambraco, Inc. v. Bossclip B.V.*, 570 F.3d 233, 238 (5th Cir. 2009).  The court must review all facts in the light most favorable to the plaintiff.  *Id.* at 237.  Ultimately, if the court finds venue is improper, the court must "dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."  28 U.S.C. § 1406(a).

## ANALYSIS

USCIS asks the Court to dismiss Gulf States's sole remaining claim on three grounds. First, USCIS argues this Court lacks subject matter jurisdiction because judicial review under the APA requires review of a final agency action, and Gulf States does not ask the Court to review a final agency action.  USCIS argues that even if Gulf States is seeking review of a final agency

action, its claim is moot because USCIS, after Gulf States filed its Amended Complaint, has acted on Gulf States's previously pending applications.  Second, USCIS urges the Court to dismiss or, in the alternative, transfer this matter because the Eastern District of Louisiana is an improper venue.  Finally, USCIS insists Gulf States fails to state a claim for relief because the text of the RIA requires regional centers approved under previous EB-5 legislation to become designated as regional centers for purposes of sponsoring new projects and/or investors under the RIA.  USCIS's motion for summary judgment largely mirrors this position and its arguments raised in support thereof, and Gulf States's motion for summary judgment counters that the text of the RIA distinguishes between regional centers previously approved under EB-5 legislation and newly designated regional centers and, thus, the Redesignation Rule is unlawful.

I.     *Whether this Court Lacks Subject Matter Jurisdiction*

Gulf States invokes federal jurisdiction under the APA, "which subjects to judicial review 'final agency action for which there is no other adequate remedy in a court.'"  *Louisiana v. U.S. Army Corps of Eng'rs*, 834 F.3d 574, 580 (5th Cir. 2016).  To be a final agency decision, (1) "the action must mark the consummation of the agency's decisionmaking process—it must not be of a merely tentative or interlocutory nature[;]" and (2) "the action must be one by which rights or obligations have been determined, or from which legal consequences will flow."  *Data Mkting P'ship, LP v. U.S. Dep't of Labor*, 45 F.4th 846, 853 (5th Cir. 2022) (quoting *U.S. Army Corps of Eng'rs v. Hawkes Co.*, 578 U.S. 590, 597, 136 S.Ct. 1807 (2016)) (internal quotations omitted).

USCIS argues this Court lacks subject matter jurisdiction because "Gulf States'[s] application forms remain pending," and thus, "Gulf States is not challenging any final agency action by USCIS."  *Data Mkting*, 45 F.4th at 853 (explaining finality is a "jurisdictional prerequisite of judicial review") (internal quotations and citations omitted).  This argument fails.

As a threshold matter, USCIS's argument misunderstands the grounds upon which Gulf States

invokes this Court's jurisdiction.  The final agency action of which Gulf States seeks judicial

review is the Redesignation Rule itself, and not the adjudication of Gulf States's applications.  As

the Court explained in its ruling on Gulf States's Motion for Preliminary Injunction:

> The Redesignation Rule is a final agency action.  The Rule is USCIS's final
> position on the requirements for designation as a regional center under the RIA.
> USCIS expressed this position in two notices for new I-956 Application forms
> and described the purpose of the forms as requests for "designation as a regional
> center" or "an amendment to an approved regional center."  R. Doc. 7-1 at 5.
> USCIS reiterated the Redesignation Rule in a public engagement on October
> 19, 2022, and thereafter began implementing the Rule by reviewing and making
> decisions on I-956 Applications.  R. Doc. 7-1 at 5-6.  There is nothing in
> USCIS's declarations surrounding the Redesignation Rule, or its
> implementation of the Rule, that suggests it is not definitive of USCIS's
> requirement that entities seeking to be designated as regional centers under the
> RIA must file an I-956 Application.[3]
>
> Moreover, there is indeed a legal consequence that results from the
> Redesignation Rule.  USCIS is clear in its position that entities without an
> approved I-956 Application are not considered regional centers under the RIA
> which, of course, renders those entities unable to begin new projects or solicit
> new investors for existing projects.  This consequence, notably, is immediate.
> While there is currently no deadline to submit I-956 Applications, until an entity
> files an I-956 Application (regardless of the deadline to do so), and it is
> approved, the entity is not considered a regional center under the RIA.  Because
> the Redesignation Rule is the consummation of USCIS's decisionmaking
> process and is a decision from which legal consequences flow, the Court finds
> the Rule is a final agency decision, and the Court may exercise subject matter
> jurisdiction over this matter.

R. Doc. 38 at 5-6.  Accordingly, to the extent USCIS seeks dismissal of Gulf States's claim for

lack of subject matter jurisdiction, USCIS's motion is denied.[4]

---

[3] There is currently an "Alert" on USCIS's website extending the deadline to file I-956 Applications "until [USCIS] publish[es] guidance that clarifies the requirements of these forms."  R. Doc. 7-1 at 6.  This alert does not change USCIS's position on the Redesignation Rule, however.  As evidenced by this lawsuit and more specifically, this motion, USCIS maintains the effectiveness and validity of the Redesignation Rule and is presently carrying out this position by reviewing and deciding I-956 Applications filed pursuant to the Rule.

[4] USCIS also argues this Court lacks subject matter jurisdiction to consider Gulf States's Unreasonable Delay claim. R. Doc. 34-1 at 23.  This claim was dismissed prior to USCIS's Motion to Dismiss, however.  R. Doc. 30.

*II.        Whether the Eastern District of Louisiana Is an Improper Venue for this Matter*

USCIS's next argument in favor of dismissal is that the Eastern District of Louisiana is not the proper venue for this matter.  Gulf States does not outwardly contest USCIS's argument, claiming instead that USCIS waived its venue challenge by failing to timely assert it.  Indeed, a defendant's challenge to venue is untimely, and thus waived, if the defendant appears without raising its venue challenge.  *Cactus Pipe & Supply Co. v. M/V Montmartre*, 756 F.2d 1103, 1108 (5th Cir. 1985) (internal citations omitted).  The Federal Rules of Civil Procedure instruct that a defendant waives a Rule 12(b) challenge if it fails to raise the challenge in a Rule 12(b) motion *or* in its first responsive pleading.[5]  FED. R. CIV. P. 12(h)(1)(B)(i)-(ii).  USCIS correctly points out that it raised its venue challenge in the instant Rule 12(b) motion, which it filed before its answer.  R. Docs. 34 and 45.  "However, a party need not necessarily file an answer in federal court to put in an appearance for purposes of Rule 12(h)."  *Broad. Music, Inc. v. MTS Enters., Inc.*, 811 F.2d 278, 281 (5th Cir. 1987); *Rogers v. Hartford Life & Acct. Ins. Co.*, 167 F.3d 933, 942 (5th Cir. 1999) ("Rule 12(h) . . . does not address the universe of situations in which a waiver of venue may occur.").  "An appearance may also arise by implication 'from a defendant's seeking, taking, or agreeing to some step or proceeding in the cause beneficial to himself or detrimental to plaintiff other than one contesting only the jurisdiction or by reason of some act or proceedings recognizing the case as in court.'"  *Cactus Pipe*, 756 F.2d at 1108 (quoting 6 C.J.S. Appearances § 18 at 22 (1975)).

---

[5] This rule applies only to challenges raised under Rule 12(b)(2)-(5).

The question before the Court, therefore, is whether USCIS's participation in this lawsuit prior to the instant motion to dismiss—i.e., by filing its opposition to Gulf States's motion for preliminary injunction—constituted an appearance. A review of caselaw in the Fifth Circuit supports the position that a defendant appears, and thus waives a Rule 12(b) challenge, by opposing injunctive relief without mention of its challenge. For example, in *Trans World Airlines, Inc. v. Mattox*, certain airlines brought an action to enjoin the Texas Attorney General from enforcing state deceptive practices laws against airline advertising. 897 F.2d 773 (5th Cir. 1990) (abrogated on other grounds by *Johnson v. Baylor Univ.*, 214 F.3d 630, 633 (5th Cir. 2000)). The plaintiffs sought only to enjoin the Texas Attorney General, but thirty-three other attorneys general, after being notified of the request for injunction and presuming it would interfere with the enforcement of their states' laws, joined the Attorney General of Texas in asking the court to deny the plaintiffs' request for preliminary injunction. *Id.* at 786. After the additional attorneys general appeared, plaintiffs sought to broaden the preliminary injunction to include the attorneys general of the additional thirty-three states, and the district court granted the plaintiffs' request. *Id.* The attorneys general appealed, arguing, among other things, that the district court lacked personal jurisdiction over the additional attorneys general because they were never served. *Id.* The Fifth Circuit ultimately affirmed the district court's decision, finding that the additional attorneys general appeared by making arguments that "went to the heart of the issues before the district court" and by seeking "an affirmative act by the court that would benefit their states." *Id.* at 786-87. This appearance, the Fifth Circuit found, sufficiently waived any challenge to service the additional attorneys general may have had. *Id.* at 787. Similarly, in *Breen v. Knapp*, another section of this Court considered whether a defendant's opposition to a temporary restraining order prior to his improper service challenge waived his right to raise such a challenge. No. 22-CV-3962, 2023 WL

3434984 (E.D. La. May 12, 2023).  The *Breen* Court ultimately found that the defendant appeared by filing a motion to enroll, participating in a telephone status conference, and filing two briefs opposing the merits of the motion, prior to objecting to insufficient service. *Id.* at *3.  Citing this appearance, the Court found the defendant had waived his right to raise an insufficient service objection. *Id.*

This case, despite concerning venue rather than insufficient service of process, is substantively similar to the preceding cases.  After Gulf States initiated the instant lawsuit, USCIS filed a motion to enroll counsel, and in response to Gulf States's motion for preliminary injunction, filed an opposition brief, two notices of supplemental authority, and appeared before the Court to argue its opposition to the motion.  R. Docs. 11, 12, 14, and 28.  USCIS took each of these steps with the goal of benefiting itself in this litigation.  USCIS's arguments against injunctive relief asked the Court to issue a ruling, albeit a preliminary ruling, agreeing with USCIS's position as to the merits of Gulf States's claim.  USCIS's conduct recognized the Court's power to adjudicate Gulf States's claim.  USCIS made substantive arguments to the Court, sought relief from the Court, and followed directives by the Court to, among other things, respond to Gulf States's motion for injunctive relief and to appear for a hearing on the motion.  Applicable law does not allow USCIS to actively litigate the merits of its case and then claim the court before which it voluntarily litigated is not the proper venue.  *See Grammenos v. Lemos*, 457 F.2d 1067, 1070 (2d Cir. 1972) (adopted by the Fifth Circuit in *Cactus Pipe*, 756 F.2d at 1108) ("If a party enters a case, makes no objection to jurisdiction, and asks the court to act on its behalf in some substantive way, it will be held to have waived further objection.").

Nor does the accelerated briefing schedule ordered in connection with Gulf States's motion for preliminary injunction excuse USCIS's failure to timely raise its venue challenge.  Indeed,

USCIS had less than two weeks to respond to USCIS's motion for preliminary injunction. But "a motion to dismiss for lack of venue or an answer contesting venue can be raised so easily," and this Court "see[s] nothing in the record which would have prevented [USCIS] from raising this motion or defense in conjunction with or before the motion for a hearing on the [motion for preliminary injunction]." *Manchester Knitted Fashions, Inc. v. Amalgamated Cotton Garment & Allied Indus. Fund*, 967 F.2d 688, 692 (1st Cir. 1992); *see, e.g., Wyrough & Loser, Inc. v. Pelmor Laby's, Inc.*, 376 F.2d 543, 547 (3d Cir. 1967) (ruling one week was sufficient time to prepare jurisdictional defenses before a hearing without being put in a "procedural straight jacket"); *Barnstead Broad. Corp. v. Offshore Broad. Corp.*, 869 F.Supp. 35, 40 n.2 (D. D.C. 1994) ("Defendant was permitted 10 days . . . to file its opposition to the motion for preliminary injunction. The hearing was held . . . within 20 days of the filing of the motion for preliminary injunction . . . . Defendant had sufficient time to apprise itself of the jurisdictional questions so as to raise preliminary matters such as defective service, personal jurisdiction and venue by a motion to dismiss or otherwise."). Given the ease at which a challenge to venue can be raised, a period of nearly two weeks was sufficient time to raise such a challenge prior to, or in conjunction with, USCIS's response to Gulf States's request for injunctive relief. For these reasons, the Court finds any challenge to venue USCIS may have had is waived, and the Court therefore denies USCIS's motion to the extent it seeks dismissal or transfer based on improper venue.[6]

    III.    *The Parties' Motions on the Merits*

---

[6] USCIS argues that, even if it waived its right to seek dismissal based on improper venue, "this Court can still consider Defendant's alternative request to change venue because a party who has waived his objection to venue by failure to assert it at the proper time is not . . . precluded from moving for a change of venue." R. Doc. 41 at 9 (internal quotations and citations omitted). However, the authority USCIS cites in support of this argument apply to transfers under 28 U.S.C. § 1404, which permits transfer of a case from one proper venue to another "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). The Court does not read USCIS to request transfer under Section 1404, and even if it did, the Court would deny USCIS's request because USCIS has not made a showing of the eight factors courts must consider when conducting a Section 1404 analysis. *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004).

The remainder of USCIS's motion to dismiss, as well as the parties' cross motions for summary judgment, argue the merits of Gulf States's remaining claim.  After careful review of all the briefing, the Court believes it would benefit from new and more tailored briefing.  For this reason, the Court denies without prejudice USCIS's motion to dismiss for failure to state a claim and the parties' cross motions for summary judgment.

## CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that USCIS's Motion to Dismiss for Lack of Subject Matter and Improper Venue (R. Doc. 34) is **DENIED**.  To the extent USCIS seeks dismissal for failure to state a claim, USCIS's motion is **DENIED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that the parties' Cross Motions for Summary Judgment (R. Docs. 43 and 49) are **DENIED AS MOOT**.  The parties may refile their motions on a date that provides for a submission date of no later than **October 2, 2024**.

**IT IS FURTHER ORDERED** that the pretrial conference and trial in this matter are **CONTINUED**, and shall be reset, if necessary, after the Court rules on the parties' forthcoming motions for summary judgment, if any art filed by the foregoing deadline.  If no such motions are filed, the Court will sua sponte reschedule trial in this matter.

**IT IS FURTHER ORDERED** that USCIS's Motion to Stay Briefing (R. Doc. 50) is **DENIED AS MOOT**.[7]

---

[7] USCIS filed a motion to stay briefing on the motions for summary judgment until the Court rendered a decision on its motion to dismiss.  USCIS noticed the motion to stay for submission on October 18, 2023, which was after Gulf States's motion for summary judgment was submitted and the same day USCIS's motion for summary judgment was submitted.  The Court therefore did not have the opportunity to consider this motion prior to the submission of the motions for summary judgment.

New Orleans, Louisiana, this 25th day of July 2024.


**DARREL JAMES PAPILLION**
**UNITED STATES DISTRICT JUDGE**